IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

LIBERTY MUTUAL INSURANCE COMPANY and
COMET STREET, INC.                                                                  PLAINTIFFS

V                                         CIVIL ACTION NO. 3:09-cv-00701-CWR-FKB

CLARENDON NATIONAL INSURANCE COMPANY;
AND STARNET INSURANCE COMPANY                                    DEFENDANTS

## MEMORANDUM BRIEF IN SUPPORT OF
## MOTION FOR PARTIAL SUMMARY JUDGMENT FILED BY
## <u>COMET STREET AND LIBERTY MUTUAL</u>

COME NOW plaintiffs, Comet Street. Inc. ["Comet Street"] and Liberty Mutual Insurance Company ["Liberty Mutual"], and submit this Memorandum Brief in Support of their Motion for Partial Summary Judgment, and in support would submit to this Honorable Court as follows:

### I. Introduction

Defendants Clarendon National Insurance and StarNet Insurance issued liability policies to Comet Street, but failed and refused to defend and/or indemnify Comet Street when claims of liability were asserted against Comet Street by Kenneth and Melissa Roberts. Liberty Mutual, as an additional insurer of Comet Street, was forced to defend Comet Street without contribution from Clarendon and/or StarNet. The policies of Clarendon and StarNet were triggered by the allegations asserted by Kenneth and Melissa Roberts. Nonetheless, Clarendon and StarNet failed to investigate the claim, and failed to provide a defense to their insured as required by the policies of insurance issued to Comet Street by Clarendon and StarNet.

## II. Itemization of Uncontroverted Facts

In support of their Motion for Partial Summary Judgment, Plaintiffs Comet Street and Liberty Mutual submit the following itemization of undisputed facts that entitle plaintiffs to Partial Summary Judgment on the limited issue of Defendants' duty to defend Comet Street: This Motion does not seek to address the more involved issues of the damages Plaintiffs are entitled to recover, only that Defendants had the obligation under their respective policies to defend Comet Street from the claims made by the Roberts.

### A. Insurance Policies at Issue

1. Liberty Mutual Insurance Company issued a policy of insurance to Southland Oil Company for the policy period from November 1, 2002 to November 1, 2003. By change endorsement, the policy period was extended to December 1, 2003. A true and correct copy of the Liberty Mutual Insurance Company policy of insurance issued to Southland Oil Company is attached as Exhibit "1".

2. Clarendon issued a policy of insurance to Comet Street, then known as Southland Oil Company, for the policy period from December 15, 2003 through December 15, 2004. Comet Street was insured under Commercial General Liability insurance policy number TAP51121-00. A copy of the Clarendon insurance policy is attached as Exhibit "2". The insurance policy issued by Clarendon to Comet Street/Southland Oil provides coverage for "personal and advertising injury", and defines "personal and advertising injury" to include claims for "malicious prosecution".

3. StarNet issued policies of insurance to Comet Street/Southland Oil Company, for the policy period from December 15, 2004 through December 15, 2006.

Comet Street/Southland Oil Company was insured under StarNet Commercial General Liability insurance policy numbers TSG0000053-00 and TST0000053-01. A copy of the StartNet insurance policies is attached as Exhibit "3". The insurance policies issued by StarNet to Comet Street provide coverage for "personal and advertising injury", and define "personal and advertising injury" to include claims for "malicious prosecution".

### B. Underlying Claim

4. On or about March 17, 2004, Kenneth Roberts and Melissa Roberts filed suit against Southland Oil Company in the Circuit Court of Yazoo County, Mississippi making claims of malicious prosecution, abuse of process and intentional infliction of emotional distress, as well as derivative claims of loss of consortium. A copy of this Complaint is attached as Exhibit "4".

5. On February 20, 2003, Southland Oil Company filed criminal charges against Mr. Roberts resulting in criminal litigation against Mr. Roberts by the State of Mississippi in the County Court of Yazoo County, Mississippi, miscellaneous docket number 876. Those charges were dismissed on or about April 11, 2003 by Order of the County Court Judge on the basis that the Judge found it was more probable that the Defendant was indebted to Southland than a crime had been committed. A copy of the Order dismissing the charges is attached as Exhibit "5".

6. On or about August 19, 2003, following the dismissal of the first criminal action, Southland Oil Company filed a lawsuit against Mr. Kenneth Roberts in the County Court of Yazoo County, Mississippi claiming that Roberts owed Southland Oil a total sum of $51,285.67 plus interest. No response to this Complaint was made by Roberts and on October 8, 2003 a default judgment was entered against Kenneth

Roberts in favor of Southland Oil Company in the total amount of $51,703.40 with interest at the rate of 8% on the principal amount of $37,370.70 from September 29, 2003 until paid. A copy of the Complaint and the Default Judgment are attached as Exhibits "6" and "7" respectively.

7. The lawsuit filed on or about March 17, 2004 by Kenneth Roberts and Melissa Roberts against Southland Oil Company was dismissed without prejudice on or about September 20, 2005. A copy of the Order of Dismissal is attached as Exhibit "8".

9. On or about August 4, 2006, Kenneth Roberts and Melissa Roberts re-filed their Complaint against Southland Oil Company, at this point known as Comet Street, Inc., in the Circuit Court of Hinds County, First Judicial District, being Civil Action No. 251-06-775CIV on the docket of that Court. A copy of the 2006 Complaint is attached as Exhibit "9". Said Complaint alleges that Comet Street/Southland Oil was liable to Mr. and Mrs. Roberts on claims of Malicious Prosecution, Abuse of Process, Loss of Consortium, Intentional Infliction of Emotional Distress and Punitive Damages. The Complaint alleges that Comet Street/Southland Oil is guilty of malicious prosecution as a result of the 2003 criminal charges brought against Mr. Roberts by representatives of Southland Oil. Said Complaint also alleges that Comet Street is guilty of Malicious Prosecution as a result of the criminal charges brought against Mr. Roberts in the Circuit Court of Yazoo County allegedly procured by Comet Street, and which were brought to trial in August of 2005.

10. The Indictment of Roberts in the Circuit Court of Yazoo County is dated May 28, 2004, being Action No. 24-9424 on the docket of the Yazoo County Circuit

Court. A copy of the Indictment is attached as Exhibit "10". Said Indictment alleges seven (7) counts of embezzlement against Mr. Roberts.

11. Mr. Roberts was tried before a Jury in the Circuit Court of Yazoo County, Mississippi on August 22 and 23, 2005. The Jury returned of Guilty as to Counts I, IV and V of the Indictment, and returned a verdict of Not Guilty as to Counts II, III, VI and VII. The Jury Verdict and Sentence of the Circuit Court of Yazoo County, Mississippi is attached as Exhibit "11".

12. On or about August 14, 2006, the Roberts amended their allegations in the underlying lawsuit with the filing of their Amended Complaint. The Amended Complaint filed by the Roberts is attached as Exhibit "12". The Amended Complaint presents allegations that are substantially similar to those of their initial Complaint, including claims of malicious prosecution arising out of the procurement of criminal charges by Comet Street in 2004 against Mr. Roberts, and the trial of Mr. Roberts on those charges in the Circuit Court of Yazoo County in August of 2005.

14. Mr. Roberts appealed his convictions on Counts I, IV and V of the Indictment to the Mississippi Supreme Court. The Supreme Court transferred the case to the Mississippi Court of Appeals. On December 5, 2006, the Court of Appeals unanimously reversed and rendered the convictions of Mr. Roberts, holding that insufficient evidence was presented to sustain a conviction for embezzlement. *Roberts v. State of Mississippi*, No. 2005-KA-02331-COA, 960 So.2d 529 (Miss. Ct. App. 2006). The Court of Appeals denied a Rehearing on April 24, 2007. *Id.* The Mississippi Supreme Court denied Certiorari on July 19, 2007. *Roberts v. State*, 959 So.2d 1051

(Table)(Miss. 2007). A copy of the Mississippi Court of Appeals opinion is attached as Exhibit "13".

15. On or about October 24, 2007, the Roberts served their Second Amended Complaint against Comet Street. The Second Amended Complaint filed by the Roberts is attached as Exhibit "14". The Second Amended Complaint presents allegations that are substantially similar to those of the initial Complaint and prior Amended Complaint, including claims of malicious prosecution arising out of the procurement of criminal charges by Comet Street in 2004 against Mr. Roberts, as well as the trial of Mr. Roberts on those charges in the Circuit Court of Yazoo County in August of 2005. In support of the malicious prosecution claims asserted against Comet Street, the Second Amended Complaint of the Roberts also incorporates the 2006 decision of the Mississippi Court of Appeals which reversed his conviction and terminated the criminal charges.

### III. Argument

Comet Street and Liberty Mutual are entitled to Partial Summary Judgment in their favor because no genuine issue of material fact exists as to whether or not the duty to defend of both Clarendon and StarNet was triggered by the allegations asserted against Comet Street by Mr. Roberts. Clarendon and StarNet each provided coverage to Comet Street for personal and advertising injury and this coverage is specifically defined by each policy to cover claims of malicious prosecution. The Roberts alleged multiple offenses of malicious prosecution by Comet Street, with multiple offenses having occurred within the policy periods of both Clarendon and StarNet.

Clarendon and StarNet each had a duty to defend their insured for the claims of malicious prosecution asserted against Comet Street by the Roberts.

### A. Summary Judgment Standard

Summary judgment is appropriate where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 180 (5th Cir. 2009) (citing Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)).

"There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Mendrop v. Shelter Mut. Ins. Co.*, No. 2:05cv15, 2007 WL 4200827, *3 (N.D. Miss. 2007) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)).

### B. An Insurer's Duty to Defend

The law governing the interpretation of insurance contracts is well settled in Mississippi. In determining whether Clarendon or StarNet owed Comet Street a duty to defend or indemnify, the Court looks to the allegations in the underlying state court complaint. *See Sennett v. U.S. Fidelity & Guar. Co.*, 757 So.2d 206, 212 (Miss.2000). "If the complaint states a claim that is within or arguably within the scope of coverage provided by the policy," the insurance company is obliged to defend and, if necessary,

indemnify its insured. *Am. Guar. & Liab. Ins. Co. v. 1906 Co.,* 273 F.3d 605, 610 (5th Cir.2001) (citing *Centennial Ins. Co. v. Ryder Truck Rental, Inc.,* 149 F.3d 378, 383 (5th Cir.1998); and *State Farm Mut. Auto. Ins. Co. v. Scitzs,* 394 So.2d 1371, 1373 (Miss.1981)).

Moreover, under Mississippi law, "any doubt as to the existence of a defense obligation is ... resolved in favor of the insured." *Liberty Mutual Fire Ins. Co. v. Canal Ins. Co.,* 177 F.3d 326, 331 (5th Cir.1999). In comparing the complaints with the policy terms, the court looks not to the particular legal theories pursued by the state complainants, but to the allegedly tortious conduct underlying their suits. *See Equal Employment Opportunity Comm'n v. Southern Publ'g Co.,* 894 F.2d 785, 790-91 (5th Cir.1990) ("Under Mississippi's 'allegations of the complaint' rule if the factual allegations of the complaint bring the action within coverage of the policy, the insurer has a duty to defend.").

### C. The Factual Allegations of the Complaint

On August 4, 2006, Kenneth G. Roberts and Melissa Roberts filed a lawsuit in the Circuit Court of the First Judicial District of Hinds County, Mississippi, Civil Action No. 251-06-775CIV, against Comet Street, Inc. *See* Exhibit 9, Complaint. In their complaint, the Roberts allege that Comet Street, Inc. and Southland Oil Company are an entity one in the same, pursuant to amendments to Comet Street's Articles of Incorporation filed with the Secretary of State of the State of Mississippi. *Id.*

Kenneth G. Roberts and Melissa Roberts alleged against Comet Street (f/k/a Southland Oil Company) the following allegations:

> At some time during the spring of 2004, which plaintiff Roberts believed to have been in the month of April or May 2004, Comet Street, Inc., acting

> by and through its officers and employees, appeared before a Yazoo County grand jury and testified seeking indictments against Roberts for embezzlement. On May 28, 2004, an indictment was filed with the Circuit Clerk of Yazoo County, Mississippi, charging Roberts with embezzling petroleum products belonging to Southland Oil Company "by selling said petroleum products to Perry Farms using fraudulent invoices in the name of 'Roberts Southland Oil Company' rather than invoices of Southland Oil Company" in violation of state statute.

Exhibit 9, Roberts Complaint, ¶ 12.

> Southland Oil Company also procured the indictment of Roberts on a charge of embezzlement alleging that Roberts as a agent of Southland Oil Company converted petroleum products belonging to Southland Oil Company by selling the products to Rex, Inc., "using fraudulent invoices in the name of 'Roberts Southland Oil Company' rather than the invoices of Southland Oil Company" all in violation of the statute.

Exhibit 9, Roberts Complaint, ¶ 13.

> Southland also procured the indictment of Roberts on a charge of embezzlement alleging that Robert embezzled petroleum products belonging to Southland Oil Company "by selling said petroleum products to Billy Melton using fraudulent invoices in the name of 'Roberts Southland Oil Company' rather the invoice of Southland Oil Company" all in violation of the statute.

Exhibit 9, Roberts Complaint, ¶ 14.

> Southland also procured the indictment of embezzlement of Kenneth Roberts for embezzling petroleum products of Southland Oil Company "by selling said petroleum products to Victor Louis using a fraudulent invoice in the name of 'Roberts Southland Oil Company' rather the invoice of Southland Oil Company" all in violation of the statute.

Exhibit 9, Roberts Complaint, ¶ 15.

As indicated in the Complaint filed by Kenneth G. Roberts and Melissa Roberts against Comet Street, Inc., Mr. and Mrs. Roberts asserted claims of "malicious prosecution" and "abuse of process" against Clarendon's insured, Comet Street, Inc., (f/k/a Southland Oil Company). *See* Exhibit 9, Complaint. Specifically, the Complaint alleged:

## COUNT I
## MALICIOUS PROSECUTION.

> ...
> d. The criminal proceedings instituted in the Circuit Court of Yazoo County, Mississippi, were instituted by the defendant, Comet Street, Inc., formally Southland Oil Company;
> e. The criminal proceedings instituted by the defendant against plaintiff Roberts in the Circuit Court of Yazoo County, Mississippi, terminated in Roberts favor as shown by the four jury verdicts…;
> f. The criminal proceedings… in the Circuit Court of Yazoo County, Mississippi, were instituted by the defendant with malice, and it is alleged that the criminal prosecution brought against Roberts by the defendant was for purpose other than seeking justice for the commission of a crime which purposes include but are not limited to collecting a civil debt;
> g. There was not probable cause for the institution of the criminal proceedings;
> h. That Roberts has suffered damages as a direct result of the actions of the defendant in filing the embezzlement criminal prosecution against him.

Exhibit 9, Roberts Complaint, ¶ 17.

Furthermore, Mr. and Mrs. Roberts alleged that "as a direct and proximate result of the malicious prosecution instituted by the defendant as aforesaid, the plaintiff has sustained his damages herein." Complaint, ¶ 18.

Additionally, Mr. and Mrs. Roberts asserted in their Complaint:

## COUNT II
## ABUSE OF PROCESS

> Plaintiff would further show and allege that:
> a. the defendant made an illegal and improper perverted use of the criminal process which was neither warranted nor authorized when it filed criminal charges for the purpose of collecting a civil debt;
> b. the defendant has an ulterior motive or purpose in exercising such illegal, perverted and improper use of process by using the process to attempt to enforce collection of a civil debt; and
> c. the plaintiff has sustained damages as the result of the defendants abuse of process as aforesaid.

Exhibit 9, Roberts Complaint, ¶ 19.

The Roberts subsequently amended the allegations of their Complaint on two occasions. An Amended Complaint was filed August 14, 2006. *See* Exhibit 12. The Amended essentially incorporates the allegations of the initial Complaint, including claims of malicious prosecution arising out of the procurement of criminal charges by Comet Street in 2004 against Mr. Roberts, and the trial of Mr. Roberts on those charges in the Circuit Court of Yazoo County in August of 2005. *See* Exhibit "12".

The Roberts served their Second Amended Complaint on October 24, 2007. *See* Exhibit "14". The Second Amended Complaint essentially incorporates the aforereferenced allegations of the Complaint and Amended Complaint, asserting claims of malicious prosecution arising out of the procurement of criminal charges by Comet Street in 2004 against Mr. Roberts, as well as the trial of Mr. Roberts on those charges in the Circuit Court of Yazoo County in August of 2005. However, the Second Amended Complaint of the Roberts also references the 2006 decision of the Mississippi Court of Appeals which reversed his conviction and terminated the criminal charges against him, in further support of the malicious prosecution claims asserted against Comet Street. *See* Exhibit "14", ¶14, ¶15(e).

### D. The Duty to Defend of Clarendon and StarNet was Triggered

Clarendon and StarNet each issued policies of insurance to Comet Street/Southland Oil which contractually obligated Clarendon and StarNet to defend and indemnify their insured for claims within the coverage of the policies. Each of the policies issued by Clarendon and StarNet to Comet Street provided "personal and advertising injury" coverage, and defined "personal and advertising injury" to include

claims of "malicious prosecution". The claims asserted by the Roberts against Comet Street included claims for malicious prosecution.

## 1. The Clarendon Policy

Clarendon National Insurance Company issued Policy No. TAP51121-00 to Southland Oil Company, Inc. with a policy period of December 15, 2003 through December 15, 2004. Said Clarendon Policy No. TAP51121-00 included commercial general liability coverage with an occurrence limit liability of $1,000,000.00, a personal and advertising injury limit of $1,000,000.00 per one person or organization, and a general aggregate limit of $2,000,000.00. *See* Clarendon Policy, Exhibit "2".

## 2. The StarNet Policies

StarNet issued two policies of insurance to Comet Street/Southland Oil Company, for the policy periods from December 15, 2004 through December 15, 2006. Comet Street/Southland Oil Company was insured under StarNet Commercial General Liability insurance policy numbers TSG0000053-00 and TST0000053-01. Said policies included commercial general liability coverage with an occurrence limit liability of $1,000,000.00, a personal and advertising injury limit of $1,000,000.00 per one person or organization, and a general aggregate limit of $2,000,000.00. A copy of the StartNet insurance policies are attached as Exhibit "3".

## 3. Relevant Policy Language

Clarendon and StarNet each provided the same policy form of coverage to Comet Street, the ISO Commercial General Liability Coverage Form, CG 00 01 10 01. Clarendon Policy No. TAP51121-00 and StarNet Policy Nos. TSG0000053-00 and TST0000053-01, issued to Comet Street, each provide in relevant part:

## COVERAGE B PERSONAL AND ADVERTISING INJURY LIABLITY

1. Insuring Agreement

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the Insured against and "suit" seeking those damages.

Exhibit "2", Clarendon Policy, Coverage B, 1.(a.); Exhibit "3" StarNet Policies, Coverage B, 1.(a.).

The policies of insurance issued by Clarendon and StarNet to Comet Street define "personal and advertising injury" as follows:

14. "Personal and Advertising Injury" means injury, including consequential "bodily injury", arising out one or more of the following offenses:
    a. False arrest, detention or imprisonment;
    b. Malicious prosecution;

Exhibit "2", Clarendon Policy, Section V, 14; Exhibit "3" StarNet Policies, Section V, 14.

The policies of insurance issued by Clarendon and StarNet to Comet Street define the term "suit" as follows:

18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged.

Exhibit "2", Clarendon Policy, Section V, 18; Exhibit "3", StarNet Policies, Section V, 18

Additionally, each of the policies at issue provide:

b.  This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

Exhibit "2", Clarendon Policy, Coverage B, 1. (b.); Exhibit "3", StarNet Policies, Coverage B, 1. (b.).

The policies of insurance issued by both Clarendon and StarNet define "coverage territory" as "the United States of American (including its territories and possessions), Puerto Rico and Canada…". Exhibit "2", Clarendon Policy, Section V. (4. "coverage territory"); Exhibit "3", StarNet Policies, Section V. (4. "coverage territory"). The Declarations Page of the Clarendon Policy sets forth the policy period of December 15, 2003 through December 15, 2004. Exhibit "2", Clarendon Policy, Common Policy Declarations. The Declarations Page of StarNet Policy No. TSG0000053-00 sets forth the policy period of December 15, 2004 through December 15, 2005, while StarNet Policy No. TST0000053-01 sets forth a policy period from December 15, 2005 through December 15, 2006. Exhibit "3", StarNet Policies, Commercial General Liability Declarations.

### 4. The Allegations of the Underlying Complaint, Amended Complaint and Second Amended Complaint Triggered the Duty to Defend

The allegations of Mr. and Mrs. Roberts' Complaint against Comet Street triggered Clarendon's and StarNet's duty to defend their insured, as the Complaint alleges "personal and advertising injury" as defined by the Clarendon and StarNet policies of insurance in the form of a "malicious prosecution" claim. *See* Exhibit "2", Clarendon Policy, Section V – Definitions (14. "Personal and advertising injury"); *see also* Exhibit "3", StarNet Policies. Furthermore the Complaint alleges that the "personal and advertising injury" at issue was caused by an offense arising out of Comet Street's business operations within the United States of America (more specifically, the State of Mississippi).

The Complaint alleges that such offenses occurred within the policy period of the Clarendon policy issued to Comet Street, specifically, "the spring of 2004", "April or May 2004", and on May 28, 2004. *See* Exhibit 9, Complaint, ¶ 12; *see also* Exhibit "12", Amended Complaint; Exhibit "14", Second Amended Complaint. As indicated by Clarendon's Policy No. TAP51121-00, Clarendon's general liability policy of insurance issued to Comet Street\Southland Oil had a policy period from December 15, 2003 to December 15, 2004. Thus, the Roberts' Complaint, Amended Complaint and Second Amended Complaint alleged malicious prosecution offenses within the policy period of the Clarendon policy.

Similarly, the Roberts' Complaint, Amended Complaint and Second Amended Complaint allege malicious prosecution offenses within the StarNet policy periods. Specifically, the trial of Mr. Roberts occurred on August 22 and 23 of 2005. *See* Exhibit "11", Jury Verdict and Sentence. This trial resulted in the acquittal of Mr. Roberts on Counts II, III, VI and VII of the Indictment Mr. Roberts alleges was "procured" by Southland\Comet Street. *See* Exhibit "9", Complaint ¶13, ¶14, ¶15, ¶16; Exhibit "12", Amended Complaint, ¶13, ¶14, ¶15, ¶16; Exhibit "14", Second Amended Complaint, ¶13. Furthermore, Mr. Roberts appealed his convictions of August 2005, which he alleges were procured by Comet Street, to the Mississippi Supreme Court. Ultimately, the Mississippi Court of Appeals reversed and rendered his convictions, terminating the criminal charges on December 5, 2006. *See* Exhibit "13", Court of Appeals Decision; *see also* Exhibit "14", Second Amended Complaint ¶14. These occurrences, or "offenses" as alleged by the Roberts, having occurred in August of 2005 and early December of 2006, are within the policy periods of the StarNet Policies. StarNet issued

policies with policy periods from December 15, 2004 through December 15, 2006, to Comet Street.  *See* Exhibit "3", CGL Declarations.

The Complaint filed by Mr. and Mrs. Roberts against Comet Street, Inc. on August 4, 2006, is a "suit" as defined by both Clarendon's and StarNet's policies, in that it is "a civil proceeding in which damages because of ... personal and advertising injury... are alleged".  *See* Exhibit "2", Clarendon Policy, Section V – Definitions (18. "Suit"); *see also* Exhibit "3", StarNet Policies, Section V – Definitions (18. "Suit").

Thus, an examination of the Complaint filed by Mr. and Mrs. Roberts against Comet Street, an insured of both Clarendon and StarNet, coupled with an examination of the terms and conditions of Clarendon's and StarNet's policies, demonstrate that the Roberts claims are within the coverage provided by the Clarendon and StarNet Policies.  Neither Clarendon nor StarNet have a legitimate defense or explanation for their breach of their duty to defend their insured.

### E. Liberty Mutual Provided a Defense for Comet Street

Liberty Mutual issued a Commercial General Liability Policy No. TB1-691-544703-022 to Southland Oil\Comet Street, with said policy having an initial policy period of November 1, 2002 through November 1, 2003.  *See* Exhibit "1", Liberty Policy CGL Declarations.  This policy period was extended to December 1, 2003 by way of endorsement to the policy.  *See* Exhibit "1", Liberty Policy, Change Endorsement. Due to the allegations of the Roberts Complaints potentially triggering coverage under the Liberty policy, Liberty Mutual provided a defense to Comet Street under a reservation of rights.

Due to the failure of Clarendon and StarNet to properly protect the interests of its insured, Liberty Mutual was forced to provide an expensive defense to Comet Street, and Liberty Mutual was ultimately forced to expend an additional $300,000.00 to resolve the claims asserted by the Roberts. Clarendon and StarNet have breached their duty to defend their insured, and as a result, Clarendon and StarNet are each liable to Comet Street as well as Liberty Mutual for this breach of their contractual obligations and the resulting damages sustained.

WHEREFORE, Comet Street and Liberty Mutual respectfully request this Honorable Court enter summary judgment in favor of Comet Street and Liberty Mutual, and find that Clarendon and StarNet each had a duty to defend Comet Street by virtue of the allegations asserted by the Roberts against their insured.

DATED, this August 15, 2011

                        Respectfully submitted,

                        LIBERTY MUTUAL INSURANCE
                        COMPANY and
                        COMET STREET, INC.

                        By: *s/ Kris A. Powell*
                            David M. Ott, MSB #3948
                            Kris A. Powell, MSB #101458

OF COUNSEL:

BRYAN NELSON P.A.
Post Office Drawer 18109
Hattiesburg, MS 39404-8109
Phone: (601) 261-4100
Fax:     (601) 261-4106
e-mail: dott@bnlawfirm.com
       kpowell@bnlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a copy of the foregoing **Memorandum Brief in Support of Motion for Summary Judgment** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    John G. Corlew, Esq. (jcorlew@cmslawyers.com)
    Kathy K. Smith, Esq. (ksmith@cmslawyers.com)
    Post Office Box 16807
    Jackson, MS  39236
        *Additional Attorneys for Plaintiff, Comet Street, Inc.*

    Andrew G. McCullough, Esq. (amccullough@markowwalker.com)
    Markow Walker
    Post Office Box 13669
    Jackson, MS 39236-3669
        *Attorney for Defendants, Clarendon Insurance*

    Joshua J. Wiener, Esq. (josh.wiener@butlersnow.com)
    Butler Snow
    Post Office Box 6010
    Ridgeland, MS  39158-6010
        *Attorneys for Defendant, StarNet Insurance*

DATED, this August 15, 2011.

                                      *s/ Kris A. Powell*
                                      OF COUNSEL